Taralyn A. Jones (11315)
LEGAL SOLUTIONS, P.C.
7070 Union Park Ave., Suite 370
Midvale, Utah 84047
Phone: 801.256.6898
Fax: 801.790.0317
tara@slclegalsolutions.com

*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| WOODSIDE PROEPRTIES, LLC, a Utah limited liability company; HIGH MEADOWS DEVELOPMENT, LLC, a Utah limited liability company; and LAWRENCE M. MEADOWS, an individual;<br><br>   Plaintiffs,<br><br>      v.<br><br>BANK OF UTAH, a Utah corporation,<br><br>   Defendant. | **COMPLAINT**<br><br><br>Case No. 2:12-cv-00457 CW<br><br>Judge Clark Waddoups |

**COMES NOW**, the Plaintiffs, High Meadows Development, LLC; Woodside Properties; and Lawrence M. Meadows; (hereinafter collectively "Plaintiffs"), by and through counsel, Taralyn A. Jones, hereby files the following Verified Complaint and states as follows:

**PARTIES**

1. Plaintiff High Meadows Development, LLC ("High Meadows") is a California limited liability company, with its principal place of business at 11601 Wilshire Blvd, 5th Floor, Los Angeles, CA.  High Meadows is the legal, but not equitable owner of the real property located at 605 Woodside Avenue, Park City, Utah ("605 Woodside").

2. Plaintiff Woodside Properties, LLC, ("Woodside") is a Utah limited liability company. Woodside is the legal owner, but not equitable owner of 515 Woodside Avenue, Park City, Utah ("515 Woodside")

3. Plaintiff Lawrence Meadows ("Meadows") is an individual whose primary residence and principal place of dwelling is 515 Woodside.  Meadows was the sole member and manager of Plaintiff Woodside Properties, LLC and High Meadows Development, LLC at the time of the transaction in question.

4. Defendant Bank of Utah ("BOU") is a Utah Corporation.

**JURISDICTION AND VENUE**

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims are under the Truth-in-Lending Act (TILA) 15 U.S.C. § 1601, *et. seq*.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because the real property at issue is located in Summit County, State of Utah.

**STATEMENT OF FACTS**

7. On June 9, 2008, Plaintiff Meadows as "Borrower" and Defendant BOU as "Lender" entered into a construction loan in the amount of roughly $5,000,000.00 ("subject transaction") for the construction and improvement of the property located at 605 Woodside Avenue, Park City, Utah ("605 Woodside").

8. The Subject Transaction was to be secured by two liens on two separate properties: (1) a First Trust Deed on 605 Woodside, in favor of Defendant BOU and in the amount of $4,700,000.00; and (2) a Third Trust Deed on 515 Woodside, in favor of Defendant BOU in the amount of $935,000.00 (there was already a first and second lien on 515 Woodside).

9. Prior to the Subject Transaction, Meadows had resided at 515 Woodside for over four (4) years and 515 Woodside was Meadow's primary residence and principal dwelling.

10. At the time of the Subject Transaction, Meadows intended to sell 515 Woodside so he could reside at 605 Woodside as his primary residence after completion of construction on 605 Woodside.

11. On or about April 1, 2008, BOU issued a draft loan commitment letter to Meadows offering to loan Meadows $5,000,000.00.

12. On or about April 11, 2008, BOU issued a revised letter to Meadows offering to loan Meadows $5,000,000.00 ("Loan Commitment") in construction funding for 605 Woodside.

13. On April 20, 2008, Meadows executed a copy of the Loan Commitment and delivered it to BOU.

14. At the June 9, 2008 closing, High Meadows conveyed title in 605 Woodside to Meadows at the request of McQuaid, the Vice President and loan officer of BOU.

15. After title documents were recorded, Meadows re-conveyed title back to High Meadows.

16. As part of the Subject Transaction, Meadows and BOU executed a Construction Loan Agreement and Promissory Note in the face amount of $4,999,995.91.

17. The parties also executed a Final Notice Agreement, which Meadows signed as Grantor and as Member of Woodside Properties.

18. The Final Notice Agreement *does not state that any Deed of Trust is to be recorded against title to 515 Woodside.*

19. Additionally, Meadows executed a Federal Truth-in-Lending (TILA) Disclosure Statement prepared by BOU, which provides: "Security Interest: You are giving a security interest in the property located at 605 Woodside Ave, Park City, UT." *It does not state that a security interest is being given in the property located at 515 Woodside.* See TILA disclosure signed by Meadows, attached hereto as Exhibit 1.

20. However, the Construction Deed of Trust was recorded against title to both 515 Woodside and 605 Woodside.

21. The Subject Transaction was a closed-end credit transaction subject to Regulation Z of the Truth-in-Lending Act.

22. Pursuant to TILA and Regulation Z, the Bank is required to provide two (2) copies of the Notice of Right to Rescind, identifying the security interest in the consumer's primary dwelling to all parties entitled to rescission, which should have included Meadows, High Meadows, and Woodside Properties.

23. However, the Bank failed to provide a Notice of Right to Rescind identifying the security interest in 515 Woodside to any of the parties including: Lawrence, Woodside Properties, and High Meadows.

24. Lawrence, Woodside, and High Meadows were all consumers and parties to the transaction.

25. Additionally, the Bank failed to provide a Notice of Right to Rescind identifying the security interest in 605 Woodside to High Meadows and Woodside, and only provided Meadows with one (1) copy of the Notice of Right to rescind instead of two (2).

26. Pursuant to TILA requirements and Regulation Z, the lender must also disclose all security interests in the Loan's TILA Disclosure Statement.  The Bank failed to list

any security interest in 515 Woodside in the TILA Disclosure Statement and only listed 605 Woodside as security interest.

27. Subsequently, BOU placed a lien on the 515 Woodside property and now seeks judicial foreclosure of the 515 Woodside based on the alleged non-payment of the loan.

28. TILA allows a consumer to rescind a transaction if the interest rate is misstated. The parties negotiated a fixed rate of seven percent (7%); however, the TILA Disclosure Statement stated that the interest rate is variable.

29. TILA also allows a consumer to rescind a transaction if the APR calculation is misdisclosed. The APR disclosed on the TILA is 9.5015%. The actual APR is 9.8217%, which means the APR is understated by .32%.

30. Each violation of Regulation Z or of TILA is independent grounds for rescission.

31. Plaintiff Meadows executed his right of rescission on June 3, 2011, by sending a Notice to Cancel to Defendant BOU as required under TILA and Regulation Z. See Notice to Cancel by Meadows, attached as Exhibit 2.

**<u>FIRST CAUSE OF ACTION</u>**
**RIGHT OF RESCISSION UNDER THE TRUTH IN LENDING ACT, 15 U.S.C. § 1061 *et seq*.**

32. Plaintiff repeats and reincorporates all preceding paragraphs in this Verified Complaint.

33. At all times relevant hereto, Defendant BOU was a creditor within the meaning of the TILA, 15 U.S.C. § 1602.

34. Defendant BOU violated TILA 15 U.S.C. § 1635(a) and Regulation Z, 12 C.F.R. § 226.23, by failing to deliver two copies of the right to rescind to each Plaintiff which:

    *a.* Identified the transaction; and

    *b.* Clearly and conspicuously disclosed the security interest in 515 Woodside.

35. In addition the interest rate, which is a material disclosure, was not properly disclosed.

36. Defendant BOU of failed to disclose the negotiated seven percent (7%) instead of a variable rate.

37. Defendant BOU had a duty to accurately disclose the applicable APR pursuant to 15 U.S.C. §1631(a) and Regulation Z § 226.22(a) by failing to accurately disclose the annual percentage rate ("APR") within the tolerance for deviation set for by the statute.

38. BOU's violations listed above each constitute individual grounds for rescission as outside acceptable practices or tolerances provide by the TILA, 16 U.S.C. § 1601 *et seq.*; 12 C.F.R. § 226, *et seq*.

39. Because of Defendant BOU's material misrepresentations and/or omissions, Plaintiffs have a statutory right to rescind the transaction until three years from the date of the transaction.

40. Plaintiffs properly exercised their rights to rescind the Subject Transaction within a timely fashion.

41. Defendant BOU failed to respond to either Notice to Rescind within the applicable twenty (20) day time frame.  Therefore, the Plaintiffs have a right to enforce the recession pursuant to 15 U.S.C. § 1635(b).

**SECOND CAUSE OF ACTION**
**STATUTORY DAMAGES UNDER THE TRUTH IN LENDING ACT**
**AND RETURN OF PROPERTY**

1. Plaintiff repeats and reincorporates all preceding paragraphs in this Verified Complaint.

2. Plaintiffs exercised their Right of Rescission within the three (3) year right of rescission.

3. Defendant BOU did not properly respond within the twenty (20) day time frame according to 15 U.S.C. § 1635(b) by either allowing Plaintiffs to tender the property or its reasonable value.

4. Further, Defendant BOU failed to remove the lien against the title on 515 Woodside or failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

5. Accordingly, Plaintiffs should not be liable for any finance or other charge, and any security interest given by the Plaintiffs, including any such interest arising by operation of law, which became void upon rescission.

6.  Pursuant to BOU's failure Ownership of the property vests in the obligor without obligation on his part to pay for it.

8

7. Plaintiffs are further entitled to actual damages sustained from failure to tender all charges paid by the Plaintiffs, as well as "twice the amount of any finance charge in connection with the transaction." 15 U.S.C. § 1640(2)(A).

8. Plaintiffs have incurred actual damages as a result of Defendant BOU's failure to comply with 1635(b); in that Plaintiffs have been prevented from moving forward with at least two lucrative offers on the 605 Woodside property. Either sale would have fully satisfied the debt amount and would have provided Plaintiff with additional proceeds of approximately $750,000.00

**PRAYER FOR RELIEF**

A.  Rescission of the loan transaction pursuant to TILA and Regulation Z;

B.  Statutory and actual damages;

C.  Removal of the liens encumbering 515 Woodside and 605 Woodside;

D.  For Fees and Court costs; and

E.  For such other relief the Court deems just and equitable.

Dated this 9th day of May 2012.

LEGAL SOLUTIONS, P.C.

*/s/ Taralyn A. Jones*
Taralyn A. Jones
Counsel for Plaintiffs